

**Signed and Filed: July 17, 2009**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                            ) Bankruptcy Case
                                 ) No. 08-32429DM
IRENA SAVVON,                    )
                                 )
                      Debtor.    ) Chapter 7
_____)
J. MATT NAWROCKI,                ) Adversary Proceeding
                                 ) No. 09-3044DM
                      Plaintiff, )
                                 )
v.                               )
                                 )
IRENA SAVVON,                    )
                                 )
                     Defendant.  )
_____)
```

**MEMORANDUM DECISION RE NONDISCHARGEABILITY**

**I. FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff, J. Matt Nawrocki ("Nawrocki"), filed a complaint against debtor Irena Savvon d/b/a Key Mortgage Group and Savvon Realty ("Savvon") on March 18, 2009, seeking to except from discharge under sections 523(a)(2)(A),[2] 523(a)(2)(B), 523(a)(4),

---

[1] This Memorandum Decision constitutes the court's findings of fact and conclusions of law pursuant to Rule 7052(a).

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-1-

and 523(a)(6)[3] a debt claimed by Nawrocki.  After proper service
of the summons and complaint, Savvon failed to appear.  A clerk's
entry of default was granted on May 20, 2009, and the court held a
prove up hearing on the default judgment on June 15, 2009.
Exhibits were entered into evidence and testimony was offered by
Nawrocki.  Savvon received notice of the hearing but did not
appear.  On June 19, 2009, Nawrocki submitted further evidence and
legal argument, and the court took the matter under submission.
As explained below, the court concludes that Nawrocki's claim is
nondischargeable under sections 523(a)(2)(A) and 523(a)(4) and he
is entitled to a judgment.

    Nawrocki's complaint and evidence showed the following.  In
or around November, 2007, in Montera, California, Savvon, along
with her son, Konstantin Savvon ("Konstantin"), approached
Nawrocki about an investment opportunity which was to make a
short-term secured real property loan for a construction project
in Houston, Texas.  The property consisted of four parcels of land
owned by Dallas-Robito, LLC, a Texas limited liability company
("LLC").  Savvon, along with others, previously owned the property
prior to vesting it in the LLC.  Savvon, a licenced real estate
broker in California, agreed to and did act as Nawrocki's mortgage
broker in arranging and negotiating the loan.  Nawrocki's loan,
which was needed as interim financing until alternate financing
could be obtained, was to be secured by a deed of trust junior to
a first deed of trust held on the parcels by a party named
Acquilina.  The loan was also to be cross-collateralized by

---

[3] At the prove up hearing, Nawrocki withdrew his 523(a)(6) claim, and therefore the court makes no determination on it.

California real property jointly owned by Savvon and Konstantin, as well as guaranteed by Konstantin.  In effort to attain Nawrocki's loan, Savvon presented Nawrocki with a written appraisal, private placement memorandum, and a title report, all indicating that his loan would be secure.  Savvon also made oral representations to Nawrocki regarding the safety of the loan, that there were no title issues, that she was actively pursuing alternate financing, and that Konstantin was credit worthy and had sufficient assets to be a guarantor.  Based on Savvon's representations, Nawrocki made the loan to the LLC on January 24, 2008, for $360,000.00.

In or around September 2008, Nawrocki discovered the investment was a sham through conversations with Acquilina's counsel, Paul Duplechain ("Duplechain").  Alternate financing was never pursued, the LLC was newly formed with no credit or credit worthiness, Konstantin's guarantee was only secured by his interest in the California property, and, most importantly, at the time Savvon arranged and negotiated Nawrocki's loan in late 2007, Acquilina's note was already in default with foreclosure pending. To prove Savvon knew of the existing default and foreclosure at that time, Nawrocki submitted two emails dated December 10, 2007, between Savvon and Duplechain clearly showing that Savvon was aware of, and apparently attempting to fend off, Acquilina's foreclosure.  Savvon never disclosed any of this material information to Nawrocki prior to his making the loan.  Further, foreclosure notices are not recorded in Texas, and therefore such information is not revealed in a title report.

After learning the truth of the matter, Nawrocki was forced

-3-

Case: 09-03044   Doc# 17   Filed: 07/17/09   Entered: 07/17/09 16:17:24   Page 3 of 8

to make forbearance payments to Acquilina in order to stop Acquilina from closing out Nawrocki's interest in the property. Upon confronting Savvon about the situation in September-October 2008, she stated that Nawrocki's forbearance payments seemed excessive considering the several forbearance payments she made to Acquilina in 2007 were for much less. Nawrocki testified that had he known about the default on Acquilina's note and pending foreclosure, he would never have made the loan.

## II. DISCUSSION

To except a debt from discharge under section 523(a)(2)(A), Nawrocki must show: Savvon made oral representations that at the time she knew to be false; she made those representations with the intent and purpose to deceive Nawrocki; that he justifiably relied on her representations; and that he sustained losses as a proximate result of Savvon's representations. Citibank (South Dakota), N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1086 (9th Cir. 1996); Field v. Mans, 516 U.S. 59, 73-76 (1995). A debtor's failure to disclose material facts constitutes a fraudulent misrepresentation under section 523(a)(2)(A) if the debtor was under a duty to disclose and the debtor's omission was motivated by an intent to deceive. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1246 n. 4 (9th Cir. 2001).

When Savvon represented to Nawrocki in late 2007 and early January 2008 that his loan would be safe and there were no title issues, she knew those statements to be false via the December 10, 2007 emails. She also knew of and failed to disclose the material fact that Acquilina's note was already in default with foreclosure pending. Her actual knowledge of her false statements or

-4-

omissions proves her intent to deceive. <u>Advanta Nat'l Bank v. Kong (In re Kong)</u>, 239 B.R. 815, 826 (9th Cir. BAP 1999). Nawrocki justifiably relied on her representations and omissions, especially in light of the title report, he consequently made the loan, and sustained losses as a proximate result. Therefore, Nawrocki's claim is nondischargeable under section 523(a)(2)(A).

To except a debt from discharge under section 523(a)(4), Nawrocki must show: Savvon was acting in a fiduciary capacity, and while acting in that capacity she engaged in fraud or defalcation. <u>Lovell v. Stanifer (In re Stanifer)</u>, 236 B.R. 709, 713 (9th Cir. BAP 1999). Whether a relationship is fiduciary in nature under section 523(a)(4) is a question of federal law and is construed to apply only to express trust relationships. <u>Id.</u>, 236 B.R. at 713. Fraud within the meaning of section 523(a)(4) means actual fraud (<u>Roussos v. Michaelides (In re Roussos)</u>, 251 B.R. 86, 91 (9th Cir. BAP 2000)), which is identical to actual fraud under section 523(a)(2)(A). <u>Dakota Steel, Inc. v. Dakota (In re Dakota)</u>, 284 B.R. 711, 723 (Bankr. N.D. Cal. 2002). State law determines when an express trust exists (<u>Ragsdale v. Haller,</u> 780 F.2d at 794, 796 (9th Cir. 1986)), and includes relationships imposed under statute or common law. <u>Stanifer,</u> 236 B.R. at 714.

Under California law, a mortgage broker owes a fiduciary duty of the highest good faith toward her principal as well as a duty of full disclosure of all material facts concerning the transaction that might affect the principal's decision. <u>Barry v. Raskov</u>, 232 Cal. App. 3d 447, 455 (1991). "The broker owes this duty to the lender-investor as well as to the borrower." <u>Montoya v. McLeod</u>, 176 Cal. App. 3d 57, 62-63 (1985). A mortgage broker

-5-

who is also a real estate agent is charged with the duty of full disclosure to his or her principals. Id. at 64. The principals of a mortgage broker are the borrower and lender. Wyatt v. Union Mortgage Co., 24 Cal.3d 773, 782 (1979). Therefore, California treats mortgage brokers as fiduciaries and trustees of an express trust.

Here, Savvon acted as a mortgage broker and agent by arranging and negotiating the loan for her principal, lender-investor Nawrocki. Although Nawrocki did not cite, and the court could not locate, a federal case in which the fiduciary nature of a mortgage broker applied under section 523(a)(4), because established California law holds that mortgage brokers have a fiduciary relationship with their lenders and creates an express trust, the court sees no reason why such a relationship would not satisfy section 523(a)(4). Consequently, Savvon was a fiduciary for purposes of section 523(a)(4). Further, as established above in Nawrocki's section 523(a)(2)(A) claim, her false representations and failure to disclose the material information of the default and pending foreclosure, which Nawrocki said had he known about he would never have made the loan, establishes fraud for purposes of section 523(a)(4). Accordingly, Nawrocki's claim is nondischargeable under section 523(a)(4).

Nawrocki initially pled the following damages: a loss of approximately $450,000.00 to include loss of principal, interest, and other incidental and consequential damages, such as advances to Acquilina and other related legal and administrative costs. His amended summary of damages as of June 15, 2009, prayed for an

Case: 09-03044    Doc# 17    Filed: 07/17/09    Entered: 07/17/09 16:17:24    Page 6 of 8

amount of $545,421.76.[4]  The travel fees to Texas in the amount of $1,000.00 are disallowed.  Therefore, Nawrocki is entitled to the following judgment:

| | |
|---|---:|
| Principal: | $360,000.00 |
| Pre-Judgment Interest To 7/17/09: | $ 80,340.00 |
| Forbearance Payments: | $ 81,250.00 |
| Foreclosure Costs-TX: | $ 20,424.96 |
| Foreclosure Costs-CA: | $  1,776.60 |
| Attorneys Fees-CA: | $  6,240.00 |
| Costs: | $    150.00 |
| **TOTAL JUDGMENT:** | **$550,181.56** |

### III. CONCLUSION

Based on the foregoing reasons, Nawrocki's claim against Savvon shall be nondischargeable under sections 523(a)(2)(A) and 523(a)(4), and he is entitled to a judgment in the amount of $550,181.56.  Plaintiff's counsel is to draft and upload a judgment in this amount.  Counsel must comply with the provisions of Rule 9021-1(c).

**END OF MEMORANDUM DECISION**

---

[4] Nawrocki's figure contains a minor mathematical error and should have been calculated at $545,421.56.

```
 1                    COURT SERVICE LIST

 2  J. Matt Nawrocki
    3007 Hillside Dr.
 3  Burlingame, CA 94010

 4  Mark J. Romeo, Esq.
    Law Office of Mark J. Romeo
 5  130 Sutter St., 7th Fl.
    San Francisco, CA 94104
 6
    Irena Savvon
 7  1260 Le Conte Ave.
    Montara, CA 94037
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```